UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD L. ALTVATER<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>) Case No. 17-CV-11178-NMG<br>)<br>)<br>)<br>) |

## JOINT STATEMENT AND PROPOSED DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(D), counsel for plaintiff Securities and Exchange Commission ("Commission" or "Plaintiff") and defendant Harold Altvater ("Altvater" or "Defendant") submit this Joint Statement and Proposed Discovery Plan.

### I. BACKGROUND

On June 27, 2017, the Commission filed this civil injunctive action against Altvater. On July 24, 2017, Altvater filed an answer to the Complaint. On July 18, 2017, Harold Alyater was indicted for the same conduct alleged in the Commission's complaint. *USA v. Altvater*, 1:17-CR-10216-DJC.

The Commission's Complaint alleges unlawful insider trading by Altvater in the stock of Ariad Pharmaceuticals, Inc. ("Ariad"), a company based in Massachusetts engaged in the business of developing and marketing drugs to treat cancer. During the period from October 2013 to January 2014, Altvater misappropriated information he learned from his wife, who, in her capacity as an employee of Ariad, obtained material nonpublic information concerning Ariad's communications with the United States Food & Drug Administration ("FDA") about the safety profile of Ariad's only FDA approved drug, Iclusig. Shortly after Altvater's wife learned

the material, nonpublic information concerning Ariad's communications with the FDA, Altvater engaged in trades of Ariad stock in advance of three different public announcements by Ariad. These announcements were variously perceived by investors to be either positive or negative, and Ariad's stock price increased or decreased accordingly after each announcement. By trading in advance of these announcements while in possession of the inside information that Altvater had misappropriated from his wife, Altvater fraudulently avoided losses and obtained insider profits totaling more than $102,000. Altvater also advised a friend to trade Ariad stock on the basis of the material nonpublic information he learned from his wife, enabling the friend to obtain insider trading profits of almost $5,000.

Altvater denies each and every allegation contained in the Plaintiff's allegations.

The Commission and Altvater at this time do not anticipate that they will engage in additional settlement discussions to resolve this litigation at this time. Therefore, the Parties have proposed a pretrial plan that will be concluded swiftly.

## II.     CONFERENCE OF THE PARTIES AND SETTLEMENT PROPOSAL

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(B), the Commission and Altvater have conferred by telephone to discuss the following: (i) the nature and basis for their claims and defenses; (ii) the possibility for a prompt settlement or resolution of the case; (iii) the disclosures required by Rule 26(a)(1); (iv) the development of a proposed pretrial schedule, including a discovery plan; (v) an agenda of matters to be discussed at the scheduling conference; and (vi) whether they will consent to trial by magistrate judge.

Pursuant to Local Rule 16.1(C), the Commission has provided a written settlement proposal to the defendant.

## III.    PROPOSED SCHEDULE

The Commission and Altvater request that the Court adopt the following schedule assuming that this action is not stayed through the pendency of the criminal action against Altvater.

| EVENT | DATE |
|---|---|
| Initial Disclosures | September 8, 2017 |
| Parties' Fed. R. Civ. P. 26 Expert Disclosures | January 12, 2018 |
| Completion of Fact Discovery | February 2, 2018 |
| Completion of Expert Discovery | February 2, 2018 |
| Rule 56 Motions filed on or before | April 2,, 2018 |
| Rule 56 Oppositions filed | As required by Local Rule 7.1(b)(2) |
| Rule 56 Reply Briefs filed | Fourteen (14) days after service of a Rule 56 opposition |
| Final Pre-Trial Conference (if necessary) | August 31 2018 |
| Trial (If necessary) | September 17, 2018 |

**IV.  MODIFICATION OF SCHEDULED DATES**

All dates set forth herein may be modified by written agreement of the Parties and approval by the Court or on motion, approval of the Court.

**V.  TRIAL BY MAGISTRATE**

The Parties are not willing to consent to a trial by magistrate judge.

**VI.  WRITTEN DISCOVERY AND DEPOSITONS**

The Parties may only serve discovery requests or deposition notices beyond the discovery event limitations imposed by Local Rule 26.1(c) with the assent of both Parties or with the Court's approval.

**VII.  LOCAL RULE 16.1(D)(3) CERTIFICATIONS**

The Commission, through its counsel, certifies that it is aware of the potential costs that

may be associated with this litigation and the availability of alternative dispute resolution procedures. Defendant has contemplated the budget for the costs of conducting the full course - and various alternative courses of this litigation; and has considered the resolution of this litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

Respectfully submitted,

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION** | **HAROLD ALTVATER** |
| By its attorneys, | **Pro Se** |
| /s/ Deena R. Bernstein | /s/ Harold Altvater |

Deena R. Bernstein (Mass. Bar No. 558721)
Senior Trial Counsel
Michael J. Vito (Mass. Bar No. 675524)
 Enforcement Counsel
Boston Regional Office
33 Arch Street, 24thFloor
Boston, MA  02110
(617) 573-8813 (Bernstein Direct)
(617) 573-4590 (facsimile)
bernsteind@sec.gov (Bernstein email)

## **CERTIFICATE OF SERVICE**

 I certify that on August 17, 2017, I caused a copy of the foregoing document to be served upon Defendant by e-mail and overnight mail at the following address:

Harold Altvater
421 Merrimack Street
Suite 101b
Methuen MA 01844
Altvater@d9medical.com

             /s/ Deena R. Bernstein